**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **KHAGENDRA PRASAD SILWAL** **#A221-149-331** | **CIVIL ACTION NO.  1:26-CV-01402** **SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **E GARCIA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Khagendra Prasad Silwal ("Silwal"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.  Silwal challenges the legality of his continued detention.

For the following reasons, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.      **Background**

Silwal is a native and citizen of Nepal who entered the United States on September 4, 2024.  Doc. 1-2 at 3.  He was ordered removed on July 16, 2025, and the order became final when the Board of Immigration dismissed the appeal on January 12, 2026.[1]

---

[1] https://acis.eoir.justice.gov/en/caseInformation

Silwal alleges that he cooperated with removal efforts by providing ICE with information regarding his citizenship, signing all documents requested, and providing fingerprints and identification documents.  *Id.*

## II.   <u>**Law and Analysis**</u>

Once an alien is ordered removed, the Government must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U. S. C. § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable.  *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing.  A petitioner is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe

that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702.

Silwal's removal order became final on January 12, 2026, so the presumptively reasonable removal period has not yet expired.  Additionally, Silwal does not allege any reason why his removal is not significantly likely to occur in the reasonably foreseeable future.  He presents no barriers to repatriation.

## III.    Conclusion

Because Silwal's detention is presumptively reasonable, and he cannot overcome that presumption, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts

"plain error."

Signed at Lafayette, Louisiana on this 4th day of May, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

4